**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtor and Debtor in Possession HB Global, LLC
By: Kelly G. Black, No. 016376

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>HB Global, LLC<br><br>Debtor | No. 2:11-bk-17648-RJH<br><br>**Debtor's Opposition to MC AZ Grand Village, LLC's Motion For an Order Shortening Time for Debtor to Assume or Reject Lease or, in the Alternative, For Adequate Protection**<br><br>Assigned to: Honorable Randolph J. Haines |

Debtor responds in opposition to MC AZ Grand Village, LLC's Motion For an Order Shortening Time for Debtor to Assume or Reject Lease or, in the Alternative, For Adequate Protection (Doc 24). The motion should be denied for the reasons stated below.

**I.  The Motion States No Statutory Authority to Shorten the Time Within Which to Assume or Reject a Nonresidential Lease**

MC AZ Grand Village, LLC asks the Court to shorten the time within which to assume or reject Debtor's nonresidential lease. There is statutory authority to shorten the time to assume a *residential* lease, provided in 11 U.S.C.A. § 365(d)(2). However, the statutory provisions for assumption of a *nonresidential* lease contain no authority to shorten the time to assume. 11 U.S.C.A. § 365(d)(4).

Nor does FRBP 9006(c) allow a reduction of a statutory period. By its terms, this rule applies only to deadlines set "by these rules or by a notice given thereunder or by order of the court." FRBP 9006(c)(1). The rule by its terms does not provide authority to reduce a statutory authority. *See also In re Federated Food Courts, Inc.*, 222 B.R. 396, 398 (Bkrtcy. N.D.Ga.

1998) (holding that the rule does not provide authority to extend the statutory deadline to assume or reject a lease).

This conclusion is consistent with the statutory history. In 1978, the Code was enacted to provide for assumption or rejection of *any* lease "at any time before the confirmation of a plan," with provision to allow the court on request to "order the trustee to determine within a specified period of time whether to assume or reject such contract or lease." PL 95–598, 1978 HR 8200. A 1984 amendment preserved that statutory language, allowing the court to direct an early decision on assumption, with respect to *residential* real property leases in Section 365(d)(2), discussed above. However, the language with respect to *nonresidential* leases was altered, providing for a shorter 60-day period but also omitting the provision for a shortening of the time to assume:

> Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor."

Pub.L. 98-353, Title III, §§ 362, 402-404, July 10, 1984, 98 Stat. 361, 367.

Some courts construed this language as allowing multiple extensions of time. *In re Channel Home Centers, Inc.*, 989 F.2d 682, 688 (3rd Cir. 1993). Congress addressed this issue by *both* enlarging the original period from 120-days *and* allowing for only one extension without the landlord's consent. In doing so, Congress stated its intent to "establish a firm, bright line deadline."  H.R. REP. 109-31(I), 86, 2005 WL 832198, 66, 2005 U.S.C.C.A.N. 88,), 86, 2005 WL 832198, 66, 2005 U.S.C.C.A.N. 88, - 66, 2005, Sec. 404. It also expressly stated that the provision "*permits a bankruptcy trustee* to assume or reject a lease on a date which is the earlier of the date of confirmation of a plan *or the date which is 120 days after the date of the order for relief*," subject to only one non-consensual extension.

In short, the statutory language allowing for a reduction of the time to assume or assign has been removed from the provision governing nonresidential leases in favor of a fixed initial

period and a limited extension period.  Neither the statute nor the rule allows the statutory time to be shortened.

**II.     Landlord Is Not Entitled to Shorten the Time to Assume or Reject the Lease**

In or around early 2011, Debtor began discussions with Tailgaters Sports Bar & Grill for the potential sale of their business to Tailgaters.  After Debtor sent the rental payment for June 2011, the landlord indicated that the payment had not been received.  Debtor then heard from a secured creditor that the landlord had sent a notice to Debtor, directed to an address of Debtor's principal where, landlord had previously been informed, Debtor's principal no longer resided. No notice was sent to Debtor's business address.  Debtor has also heard from customers that Tailgaters had announced that it would be taking over Debtor's premises the week of June 20, 2011.  Debtor then filed this Chapter 11 petition on June 18, 2011 to assume and cure the lease, which may or may not involve an assignment of the lease.

Landlord appears to have induced and participated in an effort to deprive Debtor of sales proceeds from which to cure the lease and pay its creditors.  Debtor intends to seek 2004 examinations to further determine the relevant facts.

Even in the absence of an assignment of the lease, Debtor expects to be able to establish that it can provide adequate assurance of continued performance and of prompt cure.  Debtor's operations were severely hampered, beginning in late 2009 and extending through Spring 2011, by road construction which is now completed.  Revenues for May and June are more than 20% above 2010 figures.  As Debtor operates a sports grill, revenues are expected to improve further in August.  Landlord's requests for specific forms of adequate assurance are premature, as the present motion does not present the actual assumption of the lease.

### III. Conclusion

For the foregoing reasons, landlord's motion should be denied, and Debtor should be allowed the statutory 120 day period in which to assume or reject the lease.

DATED this 26th day of July, 2011.

JACKSON WHITE

/s/ Kelly G. Black
Attorneys for Debtor and Debtor in Possession
HB Global, LLC
By: Kelly G. Black, No. 016376

Copies served this same date by email to:

Nathan J. Kunz
nkunz@polsinelli.com

/s/ Kelly G. Black
25742-001\400961.docx