**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtor and Debtor in Possession HB Global, LLC
By:   Kelly G. Black, No. 016376

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 2:11-bk-17648-RJH |
| HB Global, LLC | **Debtor's Motion to Assume Real Property Lease: MC AZ Grand Village, LLC** |
| Debtor | Assigned to: Honorable Randolph J. Haines |
| | **Hearing Date: August 31, 2011, 1:30 p.m.** |

## I.   Lease to Be Assumed

HB Global, LLC, Debtor and Debtor-in-Possession ("Debtor"), moves to assume the real property lease identified below.

### A.   *Identification of Lease to Be Assumed*

The lease to be assumed is between Debtor and MC AZ Grand Village, LLC.  The original lease bears an effective date of April 22, 2009, as is the subject of an Amendment to Lease Agreement dated November 2009.  A copy of the lease is already of record. (Doc 24.)

### B.   *Interested Parties*

The following are all of the entities known to movant to claim or to have claimed an interest on the lease, including the original parties, assignees, sublessors, sublessees, and parties holding a security interest therein or in the property:

Debtor

MC AZ Grand Village, LLC

MCK Partnership, LLC

### C. Subject Matter and Essential Terms of Lease

The lease to be rejected involves real property located at 18795 N. Reems Road, Suite 109, Surprise, AZ 85374-8686 in Maricopa County. The lease as amended provides for monthly minimum rent payments in the present amount of $6,876.83, increasing to $7,814.58 beginning April 1, 2016, and continuing at that rate through March 31, 2017. The lease as amended also provides for payment of CAM charges, insurance and taxes.

### D. Balance of Payments or Performance Under the Lease

MC AZ Grand Village, LLC asserts that the past due balance on the lease is $64,660.99. If the Amendment to Lease Agreement extends the lease through March 2017, the remaining payments on the lease are approximately $483,253.81, plus CAM charges, insurance and taxes. If the lease instead terminates in April 2014, the remaining payments on the lease are approximately $220,371.23, plus CAM charges, insurance and taxes.

### E. Cure or Adequate Assurance of Prompt Cure; Compensation

Debtor proposed to cure the balance found to be past due by a lump-sum payment made within 60 days after entry of an order authorizing Debtor to assume the lease. MC AZ Grand Village, LLC has submitted a claim for $64,660.99. If the Court finds that this sum is necessary to cure and compensate MC AZ Grand Village, LLC, Debtor is willing and able to pay it.

Debtor intends to secure the funds for a cure through The Advance Funding Company, and to seek Court approval of the arrangement under Section 364 of the Bankruptcy Code. As described at the August 9, 2011 hearing, The Advance Funding Company advances funds to Debtor, which are repaid through an automatic deduction of 15% from each of Debtor's merchant account transactions.

As also described at the August 9, 2011 hearing, the effective interest rate of a loan through The Advance Funding Company is relatively high. Debtor anticipates paying approximately $88,000.00 to repay $64,660.99. Debtor is accordingly actively pursuing alternative sources of funding to provide an early repayment.

However, even if no alternative funding source is identified, Debtor projects that it will generate sufficient sales to repay The Advance Funding Company without impairing its ability to

Case 2:11-bk-17648-RJH    Doc 47    Filed 08/25/11    Entered 08/25/11 23:47:53    Desc
Main Document    Page 2 of 4

Page 2

make ongoing rent payments. For example, from September 2011 through April 2012, Debtor projects more than $80,000 in sales above its break-even point. Debtor projects that The Advance Funding Company would collect approximately $54,000 during this period. From the remaining $26,000 in revenue, Debtor will be able to make the reserves for rent set forth in the following section.

### F. Adequate Assurance of Future Performance

Debtor intends to perform the lease in the future. At the August 9, 2011 hearing, Debtor provided evidence that it will likely be able to perform in the future. At the August 31, 2011 hearing, Debtor will provide updated and supplemental information confirming this likelihood. Further, Debtor will establish a separate account as reserves for the following month's rent and for summer rent, when revenues are down.

Each week from September through April, Debtor will set aside from gross revenues $2,750, just over 32% of the total monthly rent. By the end of the month, the account will have a balance of at least approximately $10,677.81. After payment of $8,572.19 for the following month's rent, a balance of $2,427.81 will carry forward to the following month. By the end of April 2012, the account will have a balance of $30,744.67, which will assure payment of rent for May through September 2012 with a contribution of only $550.00 per week from summer revenues. Debtor would repeat the process through the remainder of the lease term.

Debtor is also willing to grant MC AZ Grand Village, LLC a second-position lien against its merchant account to secure its performance of the obligation to set aside rent each week.

## II. Analysis

Section 365 of the Bankruptcy Code permits a debtor-in-possession to assume or reject leases, with court approval. A debtor's decision to assume or reject a lease is evaluated under the "business judgment test." *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309 (5th Cir. 1985); *see also Durkin v. Benedor Corp. (In re G.I. Indust., Inc.)*, 204 F.3d 1276, 1282 (9th Cir. 2000).

The lease at issue is Debtor's principal place of business, and Debtor's continued operation is necessary to an effective reorganization. As set forth in detail above, Debtor

proposes a cure of the amounts found due and provides adequate assurance of continued performance. The phrase "adequate assurance" is given a practical, pragmatic construction. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303 (5th Cir. 1985). A Debtor's assurance is "adequate" if future performance is more probable than not; an absolute guarantee is not required. *In re PRK Enterprises, Inc.*, 235 B.R. 597, 603 (Bkrtcy. E.D.Tex. 1999). Debtor has provide adequate assurance of future performance.

### III. Conclusion

For the foregoing reasons, Debtor requests authority to assume the lease on the terms proposed herein.

DATED this 25th day of August, 2011.

JACKSON WHITE

/s/ Kelly G. Black
Attorneys for Debtor and Debtor in Possession
HB Global, LLC
By: Kelly G. Black, No. 016376

Copies served this same date by email to:

Nathan J. Kunz
nkunz@polsinelli.com

JOHN BRIAN HILL on behalf of Creditor MCK Partnership LLC
jbhill@sextonbender.com

LORI A LEWIS on behalf of Creditor Maricopa County Treasurer's Office
LewisL01@mcao.maricopa.gov

U.S. TRUSTEE
USTPRegion14.PX.ECF@USDOJ.GOV

/s/ Kelly G. Black
25742-001\410946.docx