Philip R. Rudd (#014026)
Nathan J. Kunz (#024819)
**POLSINELLI SHUGHART PC**
CityScape Plaza
One E. Washington, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
E-Mail: prudd@polsinelli.com
E-Mail: nkunz@polsinelli.com

*Attorneys for MC AZ Grand Village, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT

## THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| HB Global, LLC, | Case No. 2:11-bk-17648-RJH |
| Debtor. | **MC AZ GRAND VILLAGE, LLC'S OBJECTION TO DEBTOR'S MOTION TO ASSUME REAL PROPERTY LEASE** |
| | Hearing Date: August 31, 2011<br>Hearing Time: 1:30 p.m.<br>Hearing Location: 230 N. First Avenue<br>6th Floor, Room 603<br>Phoenix, Arizona 85003 |

MC AZ Grand Village, LLC objects to *Debtor's Motion to Assume Real Property Lease* (Doc. #47). Debtor has failed to demonstrate that it can promptly cure its default or provide adequate assurance of its ability to pay future rent. *See* 11 U.S.C. § 365(b)(1).

**I. BACKGROUND**

    **A. Procedural Background.**

    1. The Court has jurisdiction over this mater pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    2. Since April 22, 2009, Debtor has leased nonresidential space from MC AZ Grand Village, LLC.

    3. On June 18, 2011, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (Doc. #1.)

1     4. At the time Debtor filed its petition, it was in default under the terms of the Lease as well as under the terms of the Amendment to the Lease.[1]

5. On July 12, 2011, MC AZ Grand Village filed a *Motion for an Order Shortening Time for Debtor to Assume or Reject Lease or, in the Alternative, for Adequate Protection*. (Doc. #24).

6. The Court held an evidentiary hearing on MC AZ Grand Village's Motion on August 9, 2011 (the "Evidentiary Hearing"). (Minute Entry, Doc. #45.)

7. The Court granted MC AZ Grand Village's Motion and set August 31, 2011, as the date by which Debtor must assume or reject the Lease. *Id.*

8. Presuming that the Debtor would move to assume the Lease, the Court set a one-hour evidentiary hearing for August 31, 2011, at 1:30 p.m. *Id.*

**B. Amounts Due and Owing under the Lease.**

9. Debtor's pre-petition debt is **$64,660.99**. (Tenant Ledger for HB Global, LLC, admitted as Plaintiff's Exhibit 3 during the Evidentiary Hearing, 4.) This includes all of June 2011, although 13 days of June were post-petition. On a pro rata basis, the rent for the 13 days post-petition is $3,701.62 (or $284.74 per day). *Id.*

10. Debtor also did not pay the insurance, taxes, and CAM for July 2011. *Id.* The combined total of these Additional Rent charges is **$1,695.36**. *Id.*

11. The total amount the Debtor must pay to cure its default is **$66,356.35**.

12. Debtor's present Monthly Minimal Rent through March 31, 2014, is $6,876.83. In addition, at current tax rates, Debtor must pay monthly Additional Rent of $1,695.36, or a total of **$8,572.19** per month.

**II. LEGAL ARGUMENT.**

Debtor cannot meet its burden to assume the Lease. Under 11 U.S.C. § 365(b)(1), Debtor bears the burden to show "at the time of assumption," it can (a) cure or "provide adequate

---

[1] The Lease was admitted into evidence as Plaintiff's Exhibit 7 during the Evidentiary Hearing on MC AZ Grand Village's Motion for an Order Shortening Time for Debtor to Assume or Reject Lease or Alternatively for Adequate Protection held on August 9, 2011. The Amendment to Lease was admitted as Plaintiff's Exhibit 8 during the same proceeding.

assurance" that it "will promptly cure" its default, (b) compensate MC AZ Grand Village for any pecuniary loss it has suffered, and (c) "provide[] adequate assurance of future performance under" the Lease. *Id.*

### A. Debtor Cannot Promptly Cure its Default.

The meaning of "prompt" under Section 365(b)(1)(A) "depends on the facts and circumstances of each case." *In re Embers 86th Street, Inc.*, 184 B.R. 892, 900 (Bankr. S.D.N.Y. 1995). During the evidentiary hearing held on August 9, 2011, the Court did not rule on the definition of "prompt," but did indicate that "one year is not prompt under the facts here given the long period of default and the very real potential again that if the cure isn't effected, and I mean really promptly, the landlord is facing a real loss that it could mitigate if it takes action promptly. . . . And frankly in my mind I'm thinking something like 60 days." (Tr. of Evid. Hr'g, Aug. 9, 2011, attached in part as Exh. A, 104:9-20.)

Accepting the Court's comment, Debtor's Motion to Assume indicated that it would "cure the balance found to be past due by a lump-sum payment made within 60 days after entry of an order authorizing Debtor to assume the lease." (Mot. 2:14-15.) Debtor intended to borrow money from The Advance Funding Company to make the lump-sum payment. (*Id.* at 2:18-22.) Debtor's counsel, however, called counsel to MC AZ Grand Village today (August 29, 2011) and informed counsel that The Advance Funding Company declined to extend the loan. Debtor's counsel indicated that Debtor had contacted a municipal government responsible for the road work conducted in front of Debtor's business to secure some relief but that no relief or funds had been guaranteed.

Without any funding, Debtor has no ability to cure the default.

### B. Debtor Cannot Provide Adequate Assurance of Future Performance.

Under 11 U.S.C. § 365(b)(3)(A), "adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance of the source of rent and other consideration due under such lease . . . ." Congress enacted this provision to further protect landlords of shopping centers. *In re Casual Male Corp.*, 120 B.R. 256, 264 n.8 (Bankr. D. Mass. 1990). Although there is no set formula for "adequate assurance," a court noted that a "chronically

defaulting tenant," such as Debtor, may have a higher hurdle to pass to demonstrate adequate assurance. *See In re Ames Dept. Stores, Inc.*, 348 B.R. 91, 97 n.8 (Bankr. S.D.N.Y. 2006).

Debtor's proposes to give MC AZ Grand Village adequate assurance by funding an account with $2,750 per week from September 2011 through April 2012 and then with much smaller weekly funds during the summer months. *Id.* at 3:7-20.

Debtor's financials were admitted at the Evidentiary Hearing and are included here as Exhibit C for the Court's convenience.

Exhibit C shows Debtor's gross revenues and Debtor's "net income after $50,000 monthly break-even." *Id.* Mr. Hoffert (a member of Debtor) testified that "primarily between fixed costs and average sales" Debtor has "about approximately $50,000 break-even point," after which 60% of the remaining revenue goes to "labor, food, and liquor" and the remaining 40% to profit. (Tr. Hr'g, attached in part as Exh. A, 67:9-20.) But even when Debtor had historically high gross revenues (such as from November 2009 through March 2010), Debtor made only one rental payment. (Hr'g Tr., attached in part as Exh. A, 82-83; Debtor Financials, attached as Exh. C; Tenant Ledger, admitted as Exh. 3 at Evid. Hr'g.)

Debtor has no history of being able to make consecutive, complete rent payments to MC AZ Grand Village even during times of high revenue. Debtor has provided no funds or business strategies that assure MC AZ Grand Village that it will not default soon after any assumption.

**C.     The Replacement Tenant has Amended its Lease.**

During the evidentiary hearing, the Court indicated that it would like "to hear evidence that Tailgaters has agreed to extend the contingency deadline to some future date, whatever it is." (Hr'g Tr., attached in part as Exh. A, 103:16-20.) Attached as Exhibit B is the First Lease Amendment between MC AZ Grand Village and BK Enterprises, LLC which does business as Tailgaters.[2] It extends the contingency to September 15, 2011. *Id.*

---

[2] The parties have stipulated to this exhibit.

### III. CONCLUSION.

Debtor has no evidence that it can cure its default within 60 days or at any time in the near future. Further, Debtor has no reliable revenue projections to support its claims as to its ability to provide MC AZ Grand Village adequate assurance of future rental payment. Debtor's Motion to Assume should be denied.

DATED: August 29, 2011.

POLSINELLI SHUGHART PC

By: /s/ Nathan J. Kunz
    Philip R. Rudd
    Nathan J. Kunz
    CityScape
    One E. Washington., Suite 1200
    Phoenix, AZ 85004

*Attorneys for MC AZ Grand Village, LLC*

| | | |
|---|---|---|
| 1 | **COPY** of the foregoing mailed on August 30, 2011 (or served via electronic notification on August 29, 2011, if indicated by an "*"): | |
| 2 | | |
| 3 | U.S. TRUSTEE'S OFFICE | Kelly G. Black * centraldocket@jacksonwhitelaw.com |
| | 230 N. 1st Avenue, Suite 204 | JACKSON WHITE PC |
| 4 | Phoenix, AZ 85003 | 40 N. Central Street, Suite 200 |
| | | Mesa, AZ 85201 |
| 5 | | *Attorneys for Debtor* |
| 6 | J. Brian Hill, * jbhill@sextonbender.com | Lori A. Lewis, * LewisL01@mcao.maricopa.gov |
| | SEXTON, BENDER, MAHER, HILL & | Deputy County Attorney |
| 7 | STEINMAN, P.C. | MARICOPA COUNTY ATTORNEY OFFICE |
| | 2900 Brooktree Lane, Suite 100 | Civil Service Division |
| 8 | Gladstone, MO 64119 | 222 N. Central Avenue, Suite 1100 |
| | *Attorneys for MCK Partnership, LLC* | Phoenix, AZ 85004 |

By: ___/s/ Nathan J. Kunz_____