# JACKSONWHITE
## ATTORNEYS AT LAW
### A Professional Corporation

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtor and Debtor in Possession HB Global, LLC
By:     Kelly G. Black, No. 016376

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | **No. 2:11-bk-17648-RJH** |
| HB Global, LLC | **Joint Pretrial Statement (Revised)** |
| Debtor | Assigned to: Honorable Randolph J. Haines |
| | **Hearing: August 31, 2011, 1:00 p.m.** (previously set for 1:30 p.m.), 230 N. First Ave., Phoenix, AZ 85003, Courtroom # 603 |

Pursuant to this Court's Minute Entry Order entered on August 9, 2011, Debtor HB Global, LLC ("Debtor") and MC AZ Grand Village, LLC ("MC AZ"), through their undersigned counsel, submit their *Joint Pretrial Statement* for the evidentiary hearing to be held before this Court on August 31, 2011, at 1:00 p.m.

**I.     Statement of the Case**

Debtor leases non-residential space from MC AZ. On June 18, 2011, Debtor filed for protection under Chapter 11 of the Bankruptcy Code. (Doc. # 1.) The Court previously shortened the time in which Debtor may assume or reject its lease with MC AZ. (Doc 45.) The current issue whether Debtor may assume its lease with MC AZ, and on what terms.

The Court directed the Parties to present evidence in the following areas during the hearing, among other issues that may be relevant: (a) prompt cure or adequate assurance of prompt cure; (b) adequate assurance of future performance; and (c) the status of the contingencies in the contract with Tailgaters.

MC AZ asserts that Debtor cannot cure its default and that, based on Debtor's prior payment history, Debtor will be unable to provide adequate assurance of future performance under the Lease. MC AZ further asserts that its amended lease with its replacement tenant (Tailgaters) extends the time for the contingencies in that lease to be satisfied.

Debtor asserts that it will be able to cure the lease. As stated in part by MC AZ, the expected loan from The Advance Funding Company was denied by underwriting due to the Chapter 11 case. Debtor has filed a $113,000 claim with the Arizona Department of Transportation (ADOT) for revenue loss caused by the road construction. ADOT has indicated that it would respond to the claim by September 9, 2011. Debtor also continues to seek alternative financing, investment or sales options.

Debtor further asserts that MC AZ has entered in to an amended lease with Tailgaters that preserves contingencies which give Tailgaters the chance to walk away from the lease. Debtor asserts that no purpose would be served by forcing Debtor to vacate the premises if it is able to secure funds from any source to cure the lease payments, particularly if it succeeds before MC AZ is required to deliver possession to Tailgaters. Debtor also asserts that expedited assumption of the lease is neither required nor prudent if the contingencies for furniture, fixtures and equipment (FF&E) in the Tailgaters lease are not removed.

## II. Stipulated Material Facts and Legal Conclusions

### A. Facts.

1. Debtor leases nonresidential space from MC AZ.
2. The Lease's term began on April 22, 2009.
3. The rent consists of a "Minimum Monthly Rent" and "Additional Rent," which includes insurance premiums, property and sales taxes, and common area maintenance ("CAM") fees.
4. Rent is due on or before the first day of each month.
5. In November 2009, MC AZ and Debtor entered an Amendment to Lease that lowered Debtor's Minimum Monthly Rent.

6. Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 18, 2011.

7. Debtor paid MC AZ $6,876.83, which is the Minimum Monthly Rent for July 1, 2011 by cashier's check dated June 30, 2011, sent by priority mail June 30, 2011, and credited by MC AZ on July 5, 2011.

8. This payment did not include $1,470 due for insurance, taxes, and CAM for July 2011.

9. Debtor paid $8,572.19, which equaled the Minimum Monthly Rent and Additional Rent for August 2011. The check was sent by certified mail. MC AZ was given notice of the delivery July 30, 2011 and credited the payment on August 3, 2011

10. The monthly rent, subject to changes in taxes and CAM charges, is $8,572.19.

**B.** *Legal Conclusions.*

1. The Parties do not believe there are any stipulated legal conclusions.

### III. Contested Issues of Material Fact and Law

**A.** *MC AZ:*

1. *Contested Facts:*

a) Debtor has paid its rent late or incompletely for more than two years.

b) As of August 31, 2011, Debtor is delinquent under the Lease by at least $66,356.35.

c) MC AZ and Tailgaters Sports Grill & Il Primo Pizza & Wings / Grand Village executed a letter of intent for Tailgaters to lease the space currently occupied by Debtor on or about March 14, 2011.

d) MC AZ and BK Enterprises, LLC d/b/a Tailgaters Sports Grill / Il Primo Pizza and Wings ("Tailgaters"), entered a lease agreement on or about May 20, 2011.

e) Tailgaters intends to make improvements to the space currently occupied by Debtor.

f) Tailgaters executed an amendment to the lease that extends the time by which HB Global must clear the premises to September 15, 2011.

2. *Contested Legal Issues:*

a) HB Global bears the burden of proving that it can cure its default under the lease by paying $66,356.35.

b) HB Global bears the burden of proving that it can provide MC AZ adequate assurance that it can pay rent going forward.

**B. Debtor:**

1. *Contested Facts:*

a) Road construction made it difficult for patrons to enter Debtor's establishment in the past, and this condition has ended.

b) Debtor's reputation for quality food and good atmosphere has spread, resulting in increasing returned customers.

c) Debtor has put in place controls to prevent theft of inventory, waste from purchases, and employee expenses, all of which hurt Debtor in the first year of operation.

d) Debtor has paid in full a merchant financing account which required an average of approximately $5,618.00 per month to service through April 10, 2010.

e) Debtor's business is valuable, as evidenced by the interest expressed by Tailgaters and by a more recent potential purchaser.

f) Debtor found Tailgaters as a potential purchaser, the representative of which toured Debtor's facilities and requested further discussions about a purchase of its business in January and February 2011.

g) Rather than cooperate in a sale of its business to Tailgaters, including a cure of the past due rent, MC AZ negotiated a deal which required it to evict Debtor.

h) To facilitate its deal with Tailgaters, MC AZ sent notice to an address which it knew was no longer valid.

i) According to ADOT, funds have been set aside for such claims, and it has paid on such claims for the same improvement project on Reems Road and Grande Avenue.

j) Debtor further asserts that MC AZ has entered in to an amended lease with Tailgaters that preserves contingencies which give Tailgaters the chance to walk away from the lease.

2. *Contested Legal Issues:*

a) The cure period which may be considered "prompt" in the context of the lease.

b) Whether MC AZ breached express or implied covenants of the lease, including the covenant of good faith and fair dealing in its conduct with Tailgaters and Debtor.

c) Whether MC AZ interfered with Debtor's prospective economic advantage with Tailgaters.

d) Whether expedited assumption of the lease should be reconsidered in light of contingencies remaining in the Tailgaters lease, which the Court previously recognized are relevant to the issues of assumption and cure.

e) Whether Debtor can cure or give adequate assurance of cure and compensation.

f) Whether Debtor has proposed adequate assurance of future performance.

**IV. List of Witnesses**

    *A. MC AZ's Witnesses:*

        None.

    *B. Debtor's Witnesses:*

        *1.* Erik D. Borgedalen

        *2.* Michael A. Hoffert

**V. List of Exhibits**

    *A. MC AZ's Exhibits*

1. Executed Letter of Intent between Tailgaters Sports Grill & Il Primo Pizza & Wings / Grand Village and MC AZ Grand Village, LLC, dated March 14, 2011. [Previously admitted.]

2. Executed Lease between MC AZ Grand Village, LLC and BK Enterprises, LLC d/b/a Tailgaters Sports Grill / Il Primo Pizza and Wings, dated May 20, 2011. [Previously admitted.]

3. General Ledger of MC AZ Grand Village, LLC for HB Global, LLC through August 4, 2009. [Previously admitted.]

4. [Withdrawn]

5. Landlord's Non-Disturbance, Recognition and Consent Agreement entered between MCK Partnership, LLC and MC AZ Grand Village, LLC on April 20, 2009. [Previously admitted.]

6. Bill of Sale and Assignment Agreement entered between MCK Partnership, LLC, MC AZ Grand Village, LLC, and HB Global, LLC on April 21, 2009. [Previously admitted. *See also* Plaintiff's Exhibit 11 for a fully executed copy.]

7. Executed Lease between MC AZ Grand Village, LLC and HB Global, LLC, dated April 22, 2009. [Previously admitted.]

8. Executed Amendment to Lease Agreement, dated November __, 2009. [Previously admitted.]

9. First Lease Amendment between MC AZ Grand Village LLC and BK Enterprises, LLC. [Stipulated.]

10. Transcript of Evidentiary Hearing on MC AZ Grand Village's Motion for an Order Shortening Time for Debtor to Assume or Reject Lease or Alternatively for Adequate Protection, held on August 9, 2011 at 9:45 a.m. [Stipulated.]

11. Bill of Sale and Assignment Agreement, dated April __, 2009. [Stipulated. *See also* Plaintiff's Exhibit 6 for a partially executed copy.]

### B. *Debtor's Exhibits*

1. Actual gross revenues through July 2011, with gross and net projected revenues. [Previously admitted.]

2. Certified mail tracking for August 2011 check. [Previously admitted.]

3. Sales and costs tracking sheet, April 2010 through July 2011. [Previously admitted.]

4. Payment sheet from The Advance Funding Company. [Previously admitted.]

5. Certified check for July 2011 rent. [Stipulated.]

6. Correspondence with MC AZ. [Previously admitted.]

7. June 15, 2011 MC AZ delinquency notice. [Previously admitted.]

8. Sales and costs tracking sheet, August 2011.

9. Notice of Claim to ADOT, with accompanying pictures.

10. UCC Financing Statement for MCK Partnership, LLC

## VI. Estimated Length of Hearing

The Court allotted one hour for this evidentiary hearing.

DATED this 31st day of August, 2011.

                                              JACKSON WHITE

                                              /s/ Kelly G. Black
                                              Attorneys for Debtor and Debtor in Possession
                                              HB Global, LLC
                                              By: Kelly G. Black, No. 016376

                                              POLSINELLI SHUGHART PC

                                              By: /s/ Nathan J. Kunz
                                              John J. Hebert
                                              Philip R. Rudd
                                              Nathan J. Kunz
                                              CityScape
                                              One E. Washington., Suite 1200
                                              Phoenix, AZ 85004
                                              *Attorneys for MC AZ Grand Village, LLC*

---

25742-001\412279.docx